WILSON,
EX PARTE.
No appeal or writ of error will lie to an interlocutory decree dissolving an injunction.

Writ of error dismissed with costs.

———— ✦ ————

## WILSON, EX PARTE.

———

*The writ of habeas corpus ad subjiciendum does not lie to bring up a person confined in the prison bounds upon a ca. sa. issued in a civil suit.* WILSON petitioned the court for a writ of *habeas corpus*, and a *certiorari* to bring up the record of a civil cause in which judgment had been rendered against him, upon which a *ca. sa.* had issued, by which he was taken and was now in confinement within the prisons bounds upon a prison-bounds bond. His petition stated that the marshal had demanded of the creditor the daily allowance for the prisoner agreeably to the act of congress, concerning insolvent debtors within the district of Columbia, (*Laws U. S. vol.* 6. *p.* 301. § 15.) which the creditor had refused to pay, in consequence of which the marshal had no longer any authority to detain him.

The act of congress provides that the circuit court of the district of Columbia shall, by a general order, fix the daily allowance for the support of prisoners in execution for debt in civil suits, and that "no person, taken in execution for debt or damages in a civil suit, shall be detained in prison therefor unless the creditor, his agent or attorney, shall, after demand thereof by the marshal, pay, or give such security as he may require, to pay, such daily allowance, and the prison fees."

The marshal refused to discharge the petitioner; and his counsel, *E. J. Lee*, now moved for a *habeas corpus*.

MARSHALL, Ch. J. after consultation with the other judges, stated that the court was not satisfied

that a *habeas corpus* is the proper remedy, in a case of arrest under a civil process.

Habeas corpus refused.


## ONEALE *v.* THORNTON.

ERROR to the circuit court of the district of Columbia, sitting in Washington, in an action of *assumpsit* upon a promissory note, dated August 6th, 1800, payable in nine months thereafter, and given by Oneale to William Thornton, surviving commissioner of the city of Washington, for the purchase-money of lots No. 1. and 2. in the square No. 107. in that city.

The defence set up by Oneale was, that there was no consideration for the note, inasmuch as the *superintendant* of the city, who (by virtue of the act of congress passed the 1st of May, 1802, entitled " An act to abolish the board of commissioners in the city of Washington, and for other purposes,") (*vol.* 6. *p.* 126.) succeeded to all the powers, duties, and rights, of the late commissioners, whose office was abolished by that act, had abandoned or rescinded the contract of sale, by having sold and conveyed the same lots to another person in fee-simple.

The bill of exceptions taken at the trial, stated, in substance, the following case.

The States of Virginia and Maryland, having in the year 1789, offered to the United States a cession of territory ten miles square for the permanent seat of government, the United States, by the act of congress of the 16*th of July*, 1790, (*vol.* 1. *p.* 132.) entitled " An act for establishing the temporary and permanent seat of the government of the United. States," accepted the same, and authorized the pre-

*The act of assembly of Maryland, which authorized the commissioners of the city of Washington to resell lots for default of payment by the first purchaser, contemplates a single resale only; and by that resale the power given by the act is executed. By selling and conveying the property to a third purchaser, the commissioners precluded themselves from setting up the second sale, and the second purchaser, by making this defence, affirmed the title of the third purchaser.*